IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMANDA WADE | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.5:19-cv-01413 |
| | § | |
| 9066-3360 QUEBEC INC., | § | |
| 9066-3360 QUEBEC INC. D/B/A | § | |
| MARCOPPOLO TRANSPORT, | § | |
| MARCOPPOLO TRANSPORT and | § | |
| MARK GIEFERT | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW, the Plaintiff, AMANDA WADE, (collectively, "Plaintiff"), by and through her undersigned counsel, and for her complaint against Defendants 9066-3360 QUEBEC INC., 9066-3360 QUEBEC INC. D/B/A MARCOPPOLO TRANSPORT, MARCOPPOLO TRANSPORT and MARK GIEFERT(collectively "Defendants") State:

## I.
## PARTIES

1. Plaintiff Amanda Wade is an individual residing in the state of Arizona.

2. Defendant 9066-3360 Quebec Inc. is a corporation organized under the laws of Canada with its principal place of business in Quebec, Canada.

3. Defendant 9066-3360 Quebec Inc. D/B/A Marcoppolo Transport is a corporation organized under the laws of Canada with its principal place of business in Quebec, Canada.

4. Defendant Marcoppolo Transport is a corporation organized under the laws of Canada with its principal place of business in Quebec, Canada.

5. Defendant Mark Giefert is an individual living in Canada with his principal residence in Quebec, Canada.

## II.
## JURISDICTION

6. Original subject matter jurisdiction is proper in the Western District of Texas pursuant to 28 U.S.C. § 1332(a)(2) inasmuch as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## III.
## VENUE

7. Venue is proper Bexar County and subsequently in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## IV.
## FACTUAL BACKROUND

8. On or about December 18, 2017, Plaintiff, Amanda Wade, was the passenger in a motor vehicle traveling eastbound on Eisenhauer Road in San Antonio, Bexar County, Texas. The vehicle carrying the Plaintiff was struck from behind by the truck owned and operated by the Defendants. As a result of the impact, Plaintiff sustained severe and permanent injuries.

9. Defendants collectively were negligent in the operation and use of the truck at the time it struck the car carrying the Plaintiff.

## V.
## COUNT I
## (Negligence and Negligence Per Se)

10. The occurrence made the basis of this suit, referred to in Paragraphs 8 and 9, and Plaintiff's resulting injuries and damages, were proximately caused by the negligent conduct of

Defendant Mark Giefert, while acting within the course and scope of his employment, in one or more of the following respects.

11. Defendant Mark Giefert failed to keep such a lookout as a person of ordinary care would have kept.

12. Defendant Mark Giefert failed to turn his motor vehicle to the right to avoid the collision as a person using ordinary care would have done.

13. Defendant Mark Giefert failed to turn his motor vehicle to the left to avoid the collision as a person using ordinary care would have done.

14. Defendant Mark Giefert failed to sound the horn on his motor vehicle or give any other warning as a person using ordinary care would have done.

15. Defendant Mark Giefert failed to make timely or proper application of the brakes on his motor vehicle as a person using ordinary care would have made.

16. Defendant Mark Giefert drove at a rate of speed greater than a person using ordinary care would have driven.

17. Defendant Mark Giefert failed to comply with an official traffic control device, to-wit: speed limit sign, controlling Defendant's lane of traffic on the roadway where the collision the subject of this lawsuit occurred, in violation of §544.004, Texas Transportation Code, which constitutes negligence per se.

18. Defendant Mark Giefert drove at a speed greater than was reasonable and prudent under the circumstances then existing, in violation of §545.351(a), Texas Transportation Code, which constitutes negligence per se.

19. Defendant Mark Giefert drove at a speed greater than was reasonable and prudent under the conditions, having regard to actual and potential hazards then existing, and failing to control

the speed of the motor vehicle of Defendant as necessary to avoid colliding with Plaintiff's motor vehicle that was on the highway in compliance with law and the duty of each person to use due care, in violation of §545.351(b), Texas Transportation Code, which constitutes <u>negligence</u> <u>per</u> <u>se</u>.

20. Defendant Mark Giefert drove at a speed greater than was reasonable and prudent under the circumstances then existing, which is prima facie evidence that the speed of the motor vehicle of Defendants was unlawful and not reasonable and prudent, in violation of §545.352, Texas Transportation Code, which constitutes <u>negligence</u> <u>per</u> <u>se</u>.

21. Defendant Mark Giefert drove at a speed greater than was reasonable and prudent under the conditions, having regard to actual and potential hazards then existing, and failing to control the speed of the motor vehicle of Defendants as necessary to avoid colliding with Plaintiff's motor vehicle that was on the highway in compliance with law and the duty of each person to use due care, which is prima facie evidence that the speed of the motor vehicle of Defendant was unlawful and not reasonable and prudent, in violation of §545.352, Texas Transportation Code, which constitutes <u>negligence</u> <u>per</u> <u>se</u>.

22. Defendant Mark Giefert failed to maintain an assured clear distance between Defendant's motor vehicle and Plaintiff's motor vehicle so that, considering the speed of the motor vehicles, traffic, and the conditions of the highway, Defendant's motor vehicle could be safely brought to a stop without colliding with or veering into Plaintiffs motor vehicle, in violation of §545.062, Texas Transportation Code.

23. Defendant Mark Giefert failed to abide by the rules and regulations of the Federal Commercial Motor Vehicle Safety Act and Texas Commercial Motor Vehicle Safety Act.

24. Each of these acts and omissions, singularly or in combination with others, committed while acting within the course and scope of employment, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## VI.
## COUNT II
### (Respondeat Superior, Negligent Entrustment, Vicarious Liability, Principles of Agency)

25. At said time and place, the Defendants, 9066-3360 Quebec Inc., 9066-3360 Quebec Inc. d/b/a Marcoppolo Transport and Marcoppolo Transport had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff. Defendants, by and through their agents or employees, breached their duty to Plaintiff.

26. Defendant, Mark Giefert, who is responsible for the above-mentioned negligent conduct, at all times relevant, was an agent, representative, or employee of Defendants, 9066-3360 Quebec Inc., 9066-3360 Quebec Inc. d/b/a Marcoppolo Transport and Marcoppolo Transport and was acting on behalf of the Defendants.

27. Defendant Mark Giefert was within the scope and course of his employment with Defendants, 9066-3360 Quebec Inc., 9066-3360 Quebec Inc. d/b/a Marcoppolo Transport and Marcoppolo Transport.

28. Therefore, as the agent, representative, or employee of Defendants, 9066-3360 Quebec Inc., 9066-3360 Quebec Inc. d/b/a Marcoppolo Transport and Marcoppolo Transport, the act or acts of Defendant, Mark Giefert are attributable to Defendants, 9066-3360 Quebec Inc., 9066-3360 Quebec Inc. d/b/a Marcoppolo Transport and Marcoppolo Transport and render Defendants, 9066-3360 Quebec Inc., 9066-3360 Quebec Inc. d/b/a Marcoppolo Transport and Marcoppolo Transport for all damages suffered by Plaintiff under

respondeat superior, vicarious liability, principles of agency, estoppel, ratification, joint venture, vice principal, and/or negligent entrustment.

## VII.
## DAMAGES

29. As a proximate result of the conduct of the Defendant(s), Plaintiff has suffered damages including:

   a. Reasonable and necessary medical expenses in the past;

   b. Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

   c. Physical pain suffered in the past;

   d. Physical pain which, in all reasonable probability, will be incurred in the future;

   e. Mental anguish in the past;

   f. Mental anguish which, in all reasonable probability, will be incurred in the future;

   g. Physical impairment in the past;

   h. Physical impairment which, in all reasonable probability, will be incurred in the future;

   i. Loss of earning capacity sustained in the past;

   j. Loss of earning capacity which, in all reasonable probability, will be sustained in the future;

   k. Scarring or disfigurement suffered in the past; and,

   l. Scarring or disfigurement which, in all reasonable probability, will be sustained in the future.

## VIII.
## JURY DEMAND

30. Plaintiff respectfully requests a trial by jury.

## IX.
## PRAYER FOR RELIEF

31. For these reasons, Plaintiff seeks a judgment against Defendants for:

   a. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

   b. Costs of court; and

   c. Interest allowed by law for prejudgment or post-judgment interest.

   d. All other relief to which the Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

BY:   /s/ J. Scott Mechler
      J. SCOTT MECHLER
      State Bar No. 24055952
      scott.mechler@krwlawyers.com
      **KETTERMAN ROWLAND & WESTLUND**
      16500 San Pedro, Suite 302
      San Antonio, Texas  78232
      (210) 490-7402; Telephone
      (210) 490-8372; Facsimile

      ATTORNEY FOR PLAINTIFF